IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| **TIMOTHY KLICK, et al.,**  Plaintiffs-Appellees,  v.  **CENIKOR FOUNDATION,**  Defendant-Appellant. | Case Nos. 22-20434 |

### MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF CAAIR, INC., SIMMONS FOODS, INC., AND SIMMONS PET FOOD, INC.

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, CAAIR, Inc., Simmons Foods, Inc., and Simmons Pet Food, Inc. (collectively, "Proposed Amici") hereby move the Court for an order allowing them to file the attached *amici curiae* brief in support of Defendant-Appellant Cenikor Foundation and rehearing en banc. In support of this motion, Proposed Amici state:

1.  CAAIR (short for Christian Alcoholics and Addicts in Recovery) is an Oklahoma non-profit organization that operates a voluntary, long-term addiction recovery program in Jay, Oklahoma. CAAIR's mission is to help men suffering from drug and alcohol addiction to recover and become productive members of society. It realizes this mission through a program of work training, individual and group counseling, NA and AA classes, life skill courses, and weekly Bible study and church attendance.

1

2. CAAIR operates on the similar model to Cenikor. Like Cenikor, CAAIR's rehabilitative model is primarily work based; in addition to their coursework and counseling sessions, participants in the program perform work at various nearby work-providers, including Simmons Foods and Simmons Pet Food. This work is meant to give participants a sense of self-worth and accomplishment and allow them to develop job skills in a structured, drug-free environment. As in the treatment phase of the Cenikor program, CAAIR participants are not paid for the work they perform in the program. Rather, work-providers pay CAAIR directly for its participants' labor—at rates well in excess of the applicable minimum wage and overtime pay—and CAAIR in turn uses that money to cover its operating expenses, thus allowing it to provide its crucially needed services free of charge.

3. Simmons Foods and Simmons Pet Food are both family-owned Arkansas companies headquartered in Siloam Springs, Arkansas. Simmons Foods is a poultry company. Simmons Pet Food manufactures pet food products.

4. Simmons Foods and Simmons Pet Food have a history of partnering with a CAAIR to provide vocational opportunities to its participants. They are proud to support CAAIR in its mission to help give a second chance to those struggling with drug and alcohol addiction. Simmons Foods and Simmons Pet Food do not participate in the CAAIR program to enrich themselves or to exploit a vulnerable source of labor. Rather, they do so because the companies' leaders

genuinely believe that criminal offenders deserve a second chance, that prison is failing those who struggle with addiction, and that the CAAIR program works.

5.  Proposed Amici have a direct interest in the issues before this Court, particularly its review of the panel's holding that Cenikor participants are "employees" of the organization as a matter of law. Proposed Amici are defendants in a similar lawsuit pending before the United States District Court for the Northern District of Oklahoma. *Copeland et al., v. C.A.A.I.R. Inc., et al.*, 17-CV-564-TCK-JFJ (N.D. Okla.). That case, like this one, involves minimum wage and overtime claims under the Fair Labor Standards Act.

6.  Proposed Amici believe that their brief will aid the Court in understanding how the panel misapplied binding Supreme Court precedent in holding, as a matter of law, that Plaintiffs "worked 'in exchange' for in-kind benefits" and thus "constitute 'employees' under the Act." Slip op. at 8–9. In particular, the attached brief undertakes an in-depth examination of the Supreme Court's decision in *Tony & Susan Alamo Foundation v. Secretary of Labor*, 471 U.S. 290 (1985), providing important analysis and discussion regarding the case's procedural history and how that history informs the scope of *Alamo*'s ultimate holding. The brief also provides an overview of relevant medical science and case law bearing on the long-term rehabilitative benefits of work-based recovery programming. Proposed Amici's brief complements, but does not duplicate, the arguments presented by Appellant.

7. Proposed Amici have sought the consent of all parties to file this brief. Appellant consented. Appellees did not. Proposed Amici seek leave of the Court to file this brief under Fed. R. App. P. 29(a)(2).

WHEREFORE, CAAIR, Simmons Foods, and Simmons Pet Food hereby request the Court grant them leave to file the attached *amici curiae* brief in support of Defendant-Appellant Cenikor Foundation and rehearing en banc.

Dated: September 6, 2023

Respectfully submitted,

*/s/ Amelia A. Fogleman*
Christopher S. Thrutchley
Amelia A. Fogleman
Justin A. Lollman
GableGotwals
110 N. Elgin Ave., Suite 200
Tulsa, Oklahoma 74120-1495
(918) 595-4800

*Counsel for Amici Curiae*
*Simmons Foods, Inc. and*
*Simmons Pet Food, Inc.*

Randall E. Long
Rhodes Hieronymus Jones
   Tucker & Gable, PLLC
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173

*Counsel for Amicus Curiae*
*CAAIR, Inc.*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and 32(g) because it contains 682 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Equity Text A style font.

/s/ Amelia A. Fogleman  
Amelia A. Fogleman

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, I electronically filed the foregoing with the Clerk of Court for the United State Court of Appeals for the Fifth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Amelia A. Fogleman  
Amelia A. Fogleman