# No. 22-20434

# United States Court of Appeals
## for the
# Fifth Circuit

TIMOTHY KLICK; WILTON CHAMBERS; MALIK ALEEM; JOHN POTTER; ANTHONY D. WOODS,

*Plaintiffs-Appellees,*

– v. –

CENIKOR FOUNDATION

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF TEXAS,
HOUSTON DIVISION
NO. 4:19-cv-1583

**MOTION FOR LEAVE TO FILE *AMICUS CURIAE*
BRIEF OF HENDREN PLASTICS, INC. IN SUPPORT
OF DEFENDANT-APPELLANT'S PETITON FOR
REHEARING EN BANC**

MARY E. BUCKLEY
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Ave., Suite 200
Little Rock, Arkansas 72201
(501) 371-9999

*Attorneys for Amicus Curiae Hendren Plastics, Inc.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that–in addition to the persons and entities listed in the appellees Certificate of Interested Persons–the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

### *Plaintiffs-Appellees*
Timothy Klick
Wilton Chambers
Malik Aleem
John Potter
Anthony D. Woods
Approximately 226 individuals who filed notices of consent to join this action as putative opt-in plaintiffs, the names of which are reflected in Exhibit A to Defendant-Appellant's Petition for Rehearing En Banc.

### *Attorneys for Plaintiffs-Appellees*

For Timothy Klick and Wilton Chambers:
Josh Borsellino
**Borsellino, P.C.**

Douglas Werman
**Werman Salas P.C.**

For Malik Aleem:
Charles Stiegler
**Stiegler Law Firm, LLC**

For John Potter:
John Bullman
**Blackwell & Bullman, LLC**

For Anthony Woods:
Josh Sanford
Daniel Ford
**The Sanford Law Firm**

*Defendant-Appellant*
Cenikor Foundation

*Attorneys for Defendant-Appellant*
David M. Gregory
Chris Dove
Andrew W. Reed
Kathleen Grossman
**Locke Lord LLP**

Frank Sommerville
**Weycer, Kaplan, Pulaski & Zuber, P.C.**

*Proposed Amicus Curiae*
Hendren Plastics, Inc.

*Attorneys for Proposed Amicus Curiae*
Mary E. Buckley
**Cross, Gunter, Witherspoon & Galchus, P.C.**

    Respectfully submitted,

    /s/ Mary E. Buckley
    Mary E. Buckley (Texas Bar No. 24101571)
    CROSS, GUNTER, WITHERSPOON &
      GALCHUS, P.C.
    500 President Clinton Avenue, Suite 200
    Little Rock, Arkansas 72201
    Telephone: (501) 371-9999
    Facsimile: (501) 371-0035
    E-Mail: mbuckley@cgwg.com
    *Counsel for Amicus Curiae Hendren Plastics, Inc.*

## CORPORATE DISCLOSURE STATEMENT OF
## PROPOSED *AMICUS CURIAE* HENDREN PLASTICS, INC.

Pursuant to Rule 29(a)(4)(A) of the Federal Rules of Appellate Procedure, proposed *amicus curiae* Hendren Plastics, Inc. hereby discloses that it is a privately held corporation and has no parent corporation. No publicly owned corporation owns stock in Hendren Plastics, Inc.

Respectfully submitted,

/s/ Mary E. Buckley
Mary E. Buckley
*Counsel for Proposed Amicus Curiae Hendren Plastics, Inc.*

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, Hendren Plastics, Inc. (HPI) respectfully moves this Court for an order allowing it to file the attached *amicus curiae* brief in support of Defendant-Appellant Cenikor Foundation's (Cenikor) Petition for En Banc Review. In support of this Motion, HPI states:

1. HPI is a family-owned company headquartered in Gravette, Arkansas. HPI manufactures plastics and dock-float items.

2. HPI previously partnered with a non-profit, work-based recovery program known as DARP Inc. (DARP). DARP's mission was to help individuals suffering from drug and alcohol addiction to recover and become productive members of society.

3. While not identical, DARP operated on a similar model as Cenikor, providing a common form of long-term residential treatment for substance abuse that incorporates professional staff who offer counseling and mental health training. Vocational work is a core part of both DARP and Cenikor's programs, meant to allow participants to build confidence and a work ethic, and allow them to develop job skills in a structured and substance-free environment that will facilitate their re-entry into the workforce after the program's end.

4. DARP participants were not paid for the work they perform in the program. Rather, work-providers paid DARP directly for the work, and DARP in

turn uses the money to cover its operating expenses, thereby allowing it to provide crucially needed services free of charge.

5. HPI was a proud partner of DARP and its mission to give a second chance to those struggling with drug and alcohol addiction. HPI did not participate in the program to enrich itself or to exploit a vulnerable source of labor; it did to because its leaders genuinely believe in second chances, that those struggling with addiction are not receiving necessary help, and that the DARP program worked.

6. HPI has a direct interest in the issues before this Court, particularly its potential en banc review of the lower panel's holding that the district court could collectively determine whether participants in Cenikor's program who perform work for outside work-providers are considered Cenikor's "employees" under the FLSA.

7. HPI was previously a defendant to a similar lawsuit in the United States District Court for the Western District of Arkansas, in which former DARP participants who worked at HPI's facility alleged minimum-wage and overtime violations against HPI and DARP. The United States Court of Appeals for the Eighth Circuit ultimately determined that the DARP participants were not employees of either HPI or DARP.

8. HPI believes that its proposed *amicus curiae* brief will aid the Court in navigating the issues at stake here. As discussed in the attached brief, to qualify as an employee for minimum wage and overtime purposes, a plaintiff must show: (1)

he or she performed work in exchange for compensation and (2) the relationship was "employment" as a matter of economic reality. The attached brief provides important analysis and perspective on these requirements and the unintended consequences of the panel's misapplication of law and does so in a way that complements (but does not duplicate) Cenikor's arguments.

9. HPI seeks leave of the Court to file this brief under Fed. R. Civ. P. 29(b)(2).

WHEREFORE, Hendren Plastics, Inc. respectfully requests the Court to issue an order granting it leave to file the attached *amicus curiae* brief in support of Defendant-Appellant Cenikor Foundation's Petition for En Banc Review.

Dated: September 6, 2023

Respectfully submitted,

/s/ Mary E. Buckley
Mary E. Buckley (Texas Bar No. 24101571)
CROSS, GUNTER, WITHERSPOON &
  GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Facsimile: (501) 371-0035
E-Mail: mbuckley@cgwg.com
*Counsel for Amicus Curiae Hendren Plastics, Inc.*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Fed. R. App. P. 29(b)(4) and 5th Cir. R. 29.3 and 32.3 because it contains 558 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

This motion also complies with the typeface requirements of Fed. R. App. P. 29(a)(4) and 32(a)(5)(A), and the typestyle requirements of Fed. R. App. P. 29(a)(4) and 32(a)(6) because it has been prepared in a proportionally spaced typeface in Microsoft Word, using Times New Roman, font size 14.

Dated: September 6, 2023

/s/ Mary E. Buckley
Mary E. Buckley
*Counsel for Proposed Amicus Curiae Hendren Plastics, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that under 5th Cir. R. 27.4 and Fed. R. App. P. 29, counsel for Henden Plastics, Inc. contacted counsel for Plaintiffs-Appellees and Defendant-Appellant by electronic mail, and that Defendant-Appellant consented to the filing of the Brief of *Amicus Curiae*, but Plaintiffs-Appellees did not consent to the filing of the Brief of *Amicus Curiae*.

Dated: September 6, 2023

/s/ Mary E. Buckley
Mary E. Buckley
*Counsel for Proposed Amicus Curiae Hendren Plastics, Inc.*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on September 6, 2023. I further certify that counsel for all parties in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated: September 6, 2023

/s/ Mary E. Buckley
Mary E. Buckley
*Counsel for Proposed Amicus Curiae Hendren Plastics, Inc.*