No. 22-20434

# United States Court of Appeals
## for the
## Fifth Circuit

TIMOTHY KLICK; WILTON CHAMBERS; MALIK ALEEM; JOHN POTTER; ANTHONY D. WOODS,

*Plaintiffs-Appellees,*

– v. –

CENIKOR FOUNDATION

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION
NO. 4:19-cv-1583

**BRIEF OF *AMICUS CURIAE* HENDREN PLASTICS, INC. IN SUPPORT OF DEFENDANT-APPELLANT'S PETITON FOR REHEARING EN BANC**

MARY E. BUCKLEY
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Ave., Suite 200
Little Rock, Arkansas 72201
(501) 371-9999

*Attorneys for Amicus Curiae Hendren Plastics, Inc.*

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that–in addition to the persons and entities listed in the appellees Certificate of Interested Persons–the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

***Plaintiffs-Appellees***
Timothy Klick
Wilton Chambers
Malik Aleem
John Potter
Anthony D. Woods
Approximately 226 individuals who filed notices of consent to join this action as putative opt-in plaintiffs, the names of which are reflected in Exhibit A to Defendant-Appellant's Petition for Rehearing En Banc.

***Attorneys for Plaintiffs-Appellees***

For Timothy Klick and Wilton Chambers:
Josh Borsellino
**Borsellino, P.C.**

Douglas Werman
**Werman Salas P.C.**

For Malik Aleem:
Charles Stiegler
**Stiegler Law Firm, LLC**

For John Potter:
John Bullman
**Blackwell & Bullman, LLC**

For Anthony Woods:
Josh Sanford
Daniel Ford
**The Sanford Law Firm**

***Defendant-Appellant***
Cenikor Foundation

***Attorneys for Defendant-Appellant***
David M. Gregory
Chris Dove
Andrew W. Reed
Kathleen Grossman
**Locke Lord LLP**

Frank Sommerville
**Weycer, Kaplan, Pulaski & Zuber, P.C.**

***Amicus Curiae***
Hendren Plastics, Inc.

***Attorneys for Amicus Curiae***
Mary E. Buckley
**Cross, Gunter, Witherspoon & Galchus, P.C.**

                Respectfully submitted,

                /s/ Mary E. Buckley
                Mary E. Buckley (Texas Bar No. 24101571)
                CROSS, GUNTER, WITHERSPOON &
                  GALCHUS, P.C.
                500 President Clinton Avenue, Suite 200
                Little Rock, Arkansas 72201
                Telephone: (501) 371-9999
                Facsimile: (501) 371-0035
                E-Mail: mbuckley@cgwg.com
                *Counsel for Amicus Curiae Hendren Plastics, Inc.*

# CORPORATE DISCLOSURE STATEMENT OF *AMICUS CURIAE* HENDREN PLASTICS, INC.

Pursuant to Rule 29(a)(4)(A) of the Federal Rules of Appellate Procedure, *amicus curiae* Hendren Plastics, Inc. hereby discloses that it is a privately held corporation and has no parent corporation. No publicly owned corporation owns stock in Hendren Plastics, Inc.

        Respectfully submitted,

        /s/ Mary E. Buckley
        Mary E. Buckley (Texas Bar No. 24101571)
        CROSS, GUNTER, WITHERSPOON &
          GALCHUS, P.C.
        500 President Clinton Avenue, Suite 200
        Little Rock, Arkansas 72201T
        Telephone: (501) 371-9999
        Facsimile: (501) 371-0035
        E-Mail: mbuckley@cgwg.com
        *Counsel for Amicus Curiae Hendren Plastics, Inc.*

# TABLE OF CONTENTS

**Page**

I. INTEREST OF AMICUS CURIAE ........................................................... 1

II. SUMMARY OF ARGUMENT ................................................................ 2

III. ARGUMENT ............................................................................................ 3

    A. The Panel Misconstrued and Misapplied Supreme Court Precedent and Utilized an Incorrect "Economic Realities" Test. .......................... 3

    B. The Panel's Holding Will Have Unintended Consequences by Depriving Low-Income Individuals of Necessary and Effective Work-Based Addiction Recovery Programs. ................................................... 8

IV. CONCLUSION ........................................................................................ 9

CERTIFICATE OF SERVICE ............................................................................ 12

CERTIFICATE OF COMPLIANCE .................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945) ............................................... 5

*Fochtman v. Hendren Plastics, Inc.*, 47 F.4th 638 (8th Cir. 2022) ............. 1, 2, 4

*Hopkins v. Cornerstone Am.*, 545 F.3d 338 (5th Cir. 2008) ..................................... 4

*Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431 (5th Cir. 2013) ............. 6

*Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003) ................................................................................ 8

*Rutherford Food Corp. v. McComb*, 331 U.S. 722 (1947) ....................................... 3

*Rutland v. Pepper*, 404 F.3d 921 (5th Cir. 2005) ..................................................... 6

*Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290 (1985) .......... 2, 6, 7, 8

*Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141 (2d Cir. 2020) .......................... 5

*Walling v. Portland Terminal Co.*, 330 U.S. 148 (1947) .................................. 7, 10

*Williams v. Strickland*, 87 F.3d 1064 (9th Cir. 1996) ............................................ 8

**Rules and Statutes**

Federal Rule of Appellate Procedure 29 ................................................................ 1

Federal Rule of Appellate Procedure 35 ................................................................ 2

29 U.S.C. § 206 ........................................................................................................ 2

29 U.S.C. § 207 ........................................................................................................ 2

## I.  INTEREST OF AMICUS CURIAE

*Amicus curiae*[1] is a family-owned, private corporation headquartered in Gravette, Arkansas. *Amicus* operates a facility that fabricates plastics and dock floats. *Amicus* is a former partner of DARP Inc. (DARP), a court-ordered drug and alcohol work-rehabilitation program in Arkansas and Oklahoma. Individuals convicted of drug or alcohol offenses can agree to participate in DARP in lieu of incarceration.

DARP provides participants with substance-abuse counseling and treatment, room and board, food, and other necessities. DARP participants work at local businesses that partnered with DARP, including *Amicus*, which would remit to DARP payment for the work.

DARP participants sued *Amicus* and DARP for alleged minimum wage and overtime violations. On appeal, the Eighth Circuit Court of Appeals determined that the participants were not "employees" because they participated in the DARP work-recovery program for the purpose of recovery, rehabilitation, and to avoid incarceration, and did so with no expectation of receiving compensation for their work. *See Fochtman v. Hendren Plastics, Inc.*, 47 F.4th 638, 646-47 (8th Cir. 2022).

---

[1] *Amicus* seeks the Court's leave to file this brief pursuant to Federal Rule of Appellate Procedure 29(b)(2). Undersigned counsel for *Amicus* certifies that this brief was not authored, in whole or part, by any of the parties or their counsel; nor has anyone other than *Amicus* contributed money for the preparation of this brief.

This case presents similar circumstances, and *Amicus* is well suited to opine on whether the decisions below reflect the reality of a residential work-rehabilitation program for substance-abuse addicts. *Amicus* also has a strong interest in ensuring that the panel's decision accurately describes the principles of law and ensures that it is applied uniformly with the robust consensus formed in other federal appellate circuits on the same matter. *See* Fed. R. App. P. 35(a, b).

## II. SUMMARY OF ARGUMENT

The Fair Labor Standards Act (FLSA) generally provides employees with the right to minimum wage and overtime compensation. *See* 29 U.S.C. §§ 206, 207. But it is also well established that the FLSA does not cover "an individual who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons for their pleasure or profit." *Tony & Susan Alamo Found. v. Sec'y of Lab.*, 471 U.S. 290, 295 (1985).

*Amicus* respectfully requests that this Court grant Cenikor's Petition for En Banc Rehearing and ultimately reverse the panel's decision. First, the panel's decision misinterprets and misapplies Supreme Court precedent by ignoring why participants join a residential work-rehabilitation program and by misevaluating the economic realities of such an arrangement. Second, the panel's decision carries dire, unintended consequences and will possibly eliminate a sorely needed rehabilitation service for lower-income individuals who otherwise lack access to such resources.

## III.  ARGUMENT

### A.  The Panel Misconstrued and Misapplied Supreme Court Precedent and Utilized an Incorrect "Economic Realities" Test.

Central to this case is whether Defendant-Appellant Cenikor Foundation's (Cenikor) residential work-rehabilitation program participants are "employees" under the FLSA. When enrolled in the program, Plaintiffs-Appellees received room and board, food, counseling, and other benefits at Cenikor's facility and performed work for outside, third-party business partners. They were fully aware of the program's purpose and any monies received would be used to cover part of the program's cost. They signed a document disclaiming any expectation of in-kind renumeration for the work they would perform.

The FLSA does not cover "an individual who, without promise or expectation of compensation, but solely for his personal purpose or pleasure, worked in activities carried on by other persons for their pleasure or profit." *Alamo*, 471 U.S. at 295. This determination turns on the "economic reality" of the parties' relationship, *id.* at 301, which, in turn, requires consideration of the totality of the circumstances. *See Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947).

The lower court and panel failed to accurately apply these principles of law, focusing exclusively on evidence that participants in Cenikor's program received room, board, food, and other benefits. Reasoning that these benefits are compensation (albeit indirect), the district court found, and the panel affirmed, that

3

a collective action should be certified on the question of whether an employee relationship existed.

In reaching this conclusion, the district court found the similarly named, yet different, five-factor "economic realities" test, used for evaluating whether someone is an employee or independent contractor, applied to Plaintiffs-Appellees. *See Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008). The panel then endorsed this application of law. But nothing in the FLSA requires the use of this test, which is meant to distinguish between employees and independent contractors and has no relevance or realistic application to residential rehabilitation patients.

Tellingly, other circuits to examine this issue instead determine "who is the 'primary beneficiary' of an arrangement between parties in a potential employer-employee relationship." *See Fochtman*, 47 F.4th at 645-46 (collecting cases). The "primary beneficiary" test has three components: "(1) its focus on what the [purported employee] receives *in exchange for* his work," (2) its "flexibility to permit examination of the economic reality of the relationship, and (3) its acknowledgement that the relationship is subject to unique considerations in light of the [purported employee's] expected educational or vocational benefits that are not necessarily expected with all forms of employment." *Vaughn v. Phoenix House N.Y. Inc.*, 957 F.3d 141, 145 (2d Cir. 2020) (cleaned up) (emphasis and brackets added).

Faced with the multiple federal circuits examining similar residential work-

4

rehabilitation programs and finding no employment under the FLSA, the panel addressed only one Ninth Circuit opinion, deeming it unpersuasive because FLSA rights cannot be waived, meaning any form signed by Cenikor's participants, disclaiming expectation to wages, is not controlling. This, however, misconstrues the FLSA. To be sure, *employees* cannot prospectively waive their rights to minimum wage and overtime compensation under the FLSA. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 704-05 (1945). But the panel's rationale presupposes that Plaintiffs-Appellees are, in fact, employees. That question was meant to be decided in this case, and if answered in the negative, provides no relief from the forms signed by the participants.

    The district court characterized the participants' beliefs that they would not receive compensation for their work as "subjective" and "irrelevant," reasoning that they nonetheless received compensation in the form of shelter, food, etc. But an employee's expectations are a touchstone to eligibility under the FLSA, which does not cover those who work "without promise or *expectation* of compensation, but solely for . . . personal purpose or pleasure." *Alamo*, 471 U.S. at 295 (emphasis added). It is true that "compensation" under the FLSA is not limited to wages, *id.* at 301, but it does not encompass "indirect benefits . . . merely incidental to the activity performed." *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 435-38 (5th Cir. 2013) (adopting a "threshold-renumeration" test for assessing whether an

5

employment relationship exists for a volunteer and determining no employee relationship exists where renumeration is not shown).²

Moreover, the fact that Plaintiff-Appellees received indirect benefits does not establish that they received those things *in exchange for* their work and ignores evidence showing that they did not. *See Alamo*, 471 U.S. at 295, 300-01. For instance, participants received food, housing, clothing, and counseling during the orientation phase of the program, when they did not perform work. *See* ROA.1791, ROA.1821-23, ROA.1847-48, ROA.1865, ROA.1872-73, ROA.1982-83, ROA.1987, ROA.1901-02, ROA.1996. After reaching the second phase, where participants would ordinarily do vocational work, they continued receiving these benefits even when illness or injury prevented them from working, or when they had work assignments within Cenikor's facilities. ROA.1880-83, ROA.1908-09, ROA.1982, ROA.1986-88, ROA.2007-11. Thus, the district court and panel each committed error by ignoring the economic reality that the indirect benefits received were merely incidental to participation in the treatment program, and were neither given, nor expected, in exchange for the work performed. Instead, the participants worked for their own personal purpose—obtaining sobriety—rather than compensation.

---

² *Junio* is a Title VII case, but Title VII and the FLSA "contain the identical definition[] of 'employee,'" so *Junio* nonetheless holds instructive value here. *See Rutland v. Pepper*, 404 F.3d 921, 924 n.2 (5th Cir. 2005).

The district court also emphasized that this case can be distinguished from others because Cenikor received roughly $14 million in two years from third-party employers for the participants' work. The panel noted this justification and seemingly endorsed it. But the analysis prescribed by the Supreme Court does not turn on the revenue that an alleged employer receives from the operation of its program. To the contrary, the Supreme Court has explained the irrelevance of that fact.

*Alamo* observed, for example, that the FLSA applies to "commercial activities conducted by religious or other nonprofit organizations" just as it does to for-profit commercial activities. 471 U.S. at 296-97. Put simply, what matters is not whether the activity generates large revenue or a profit, but whether the economic reality of the *relationship*—in this case, a residential work-rehabilitation program for substance-abuse addicts—"contemplate[s] compensation." *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947); *see also Alamo*, 471 U.S. at 301; *Williams v. Strickland*, 87 F.3d 1064, 1067-68 (9th Cir. 1996) (finding no employee status where the plaintiff enrolled in a Salvation Army rehabilitation program that required him to work in a furniture restoration shop for no pay, because he worked solely for his own rehabilitative purposes). As discussed above, it does not, and a participant's receipt of food, shelter, therapy, and other services is not the fruits of an express or implied compensation agreement with Cenikor, but rather, was part and parcel of

7

participating in a residential treatment program.

The panel ignored evidence demonstrating that the indirect benefits were not conferred for the participants' work, nor did the participants believe otherwise. Plaintiffs-Appellees are not employees and, therefore, fall outside of the FSLA's ambit. It is error to disregard the FLSA's plain meaning and Supreme Court precedent to create a circuit conflict for any of the above-discussed reasons, which justifies granting the Petition for En Banc Rehearing and reversing the panel's decision. *See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("[W]e decline to create a circuit split unless there is a compelling reason to do so.").

### B. The Panel's Holding Will Have Unintended Consequences by Depriving Low-Income Individuals of Necessary and Effective Work-Based Addiction Recovery Programs.

*Amicus* is a former partner with DARP, a work-rehabilitation program in Arkansas that similarly offered a long-term recovery option to individuals charged with drug or alcohol-related offenses, at no cost to the public or its participants. To do so, DARP partnered with various local businesses so that program participants could work at the partners' facilities, in exchange for DARP's receipt of a predetermined amount of hourly pay for the work.

Despite initial concerns, *Amicus* agreed to participate, resulting in a years-long successful partnership whereby DARP participants who worked at *Amicus*'s

8

facility gained job skills, formed reliable work habits, fostered a sense of self-worth, and avoided idle hands, all facilitating their recovery efforts and better positioning them for reentry into the community with lower chances of relapse or recidivism.

*Amicus* is headquartered in Gravette, Arkansas, a rural town with a last-recorded population of 3,547. While working with DARP, *Amicus* saw firsthand the benefit of DARP's residential work-recovery program, where people were given a chance at rehabilitating themselves that would not otherwise have existed.

If participation in a work-rehabilitation program like Cenikor's is considered employment under the FLSA, comparable work-rehabilitation programs located in this Circuit will lose a principal source of funding to maintain the programs. Without funding, the programs could very well end, preventing low-income addicts from engaging in certain rehabilitative and recovery efforts when very few such opportunities like those provided by Cenikor and DARP are available to them at all. This aspect of the panel's decision is deeply troubling, and the Court should grant en banc review to ensure that this issue can be fully evaluated and considered.

## IV. CONCLUSION

The panel's decision misinterpreted and misapplied binding United States Supreme Court precedent by applying a similarly worded, yet incorrect, standard in evaluating whether the question of employment could be determined on a collective-wide basis. Both the district court and the panel misevaluated the economic reality

of the relationship between Plaintiffs-Appellees and Cenikor. The district court and the panel also ignored why Plaintiffs-Appellees chose to participate in the work-rehabilitation program in the first place: their personal purpose of achieving sobriety. Equally problematic, the panel's decision has unintended and uncontemplated consequences in that it could bring an end to work-based recovery programs like Cenikor's, further diminishing the already limited rehabilitative options available to low-income individuals struggling with substance addiction.

      Nothing in the FLSA requires this result. The FLSA is "not intended to stamp all persons as employees who, without any express or implied compensation agreement, might work for their own advantage on the premises of another." *Walling*, 330 U.S. at 152. But if permitted to stand, that is exactly what the panel's decision would allow. As such, the panel's decision is deeply troubling to *amicus*, which joins Cenikor in urging the Court to grant en banc review and reverse the panel's decision.

Dated: September 6, 2023

Respectfully submitted,

/s/ Mary E. Buckley
Mary E. Buckley (Texas Bar No. 24101571)
CROSS, GUNTER, WITHERSPOON &
  GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Facsimile: (501) 371-0035
E-Mail: mbuckley@cgwg.com
*Counsel for Amicus Curiae Hendren Plastics, Inc.*

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system on September 6, 2023. I further certify that counsel for all parties in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated: September 6, 2023

/s/ Mary E. Buckley
Mary E. Buckley
*Counsel for Amicus Curiae Hendren Plastics, Inc.*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 29(b)(4) and 5th Cir. R. 29.3 and 32.3 because it contains 2,205 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 29(a)(4) and 32(a)(5)(A), and the typestyle requirements of Fed. R. App. P. 29(a)(4) and 32(a)(6) because it has been prepared in a proportionally spaced typeface in Microsoft Word, using Times New Roman, font size 14.

Dated: September 6, 2023

/s/ Mary E. Buckley
Mary E. Buckley
*Counsel for Amicus Curiae Hendren Plastics, Inc.*