# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――――――――――――――――――――――――

## NO. 22-20434

―――――――――――――――――――――――――――――

**TIMOTHY KLICK; WILTON CHAMBERS; MALIK ALEEM; JOHN POTTER; ANTHONY D. WOODS,**
Plaintiffs – Appellees,
v.
**CENIKOR FOUNDATION,**
Defendant – Appellant

―――――――――――――――――――――――――――――

**On Appeal from the United States District Court
For the Southern District of Texas, Houston Division**

―――――――――――――――――――――――――――――

**REPLY IN SUPPORT OF PETITION FOR REHEARING EN BANC**

―――――――――――――――――――――――――――――

David M. Gregory
Chris Dove
Andrew W. Reed
Kathleen Grossman
600 Travis Street, Suite 2800
Houston, Texas 77002
dgregory@lockelord.com
cdove@lockelord.com
andrew.reed@lockelord.com
kathleen.grossman@lockelord.com
Tel: (713) 226-1344
Fax: (713) 223-3717

**ATTORNEYS FOR DEFENDANT/ APPELLANT**

Frank Sommerville
WEYCER, KAPLAN, PULASKI
& ZUBER, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
fsommerville@wkpz.com
Tel: (817) 795-5046
Fax: (800) 556-1869

**OF COUNSEL FOR DEFENDANT/ APPELLANT**

# Table Of Contents

    Page

Argument In Reply ..................................................................................................4

    I.    Rule 35 Says The Circuit Split In This Case Merits En Banc Review. ................................................................................................4

    II.    The Alamo Test Is Different Than This Court's Five-Factor Test For Independent Contractors. ....................................................7

    III.    Plaintiffs Misread *Swales*. ...............................................................10

Conclusion.............................................................................................................13

Certificate Of Service ...........................................................................................15

Certificate Of Compliance With Type-Volume Limitation, Typeface Requirements, And Type-Style Requirements ..................................................16

# Index Of Authorities

Page(s)

**Cases**

*Armento v. Asheville Buncombe Cmty. Christian Ministry, Inc.*,
    856 F. App'x 445 (4th Cir. 2021) ................................................................. 9

*Donovan v. Am. Airlines, Inc.*,
    686 F.2d 267 (5th Cir. 1982) ................................................................. 6, 10

*Hoffmann-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) ........................................................................... 11-13

*Oliver v. Arnold*,
    19 F.4th 843 (5th Cir. 2021) .................................................................... 5

*Steelman v. Hirsch*,
    473 F.3d 124 (4th Cir. 2007) .................................................................... 9

*Swales v. KLLM Transp. Servs., LLC*,
    985 F.3d 430 (5th Cir. 2021) ............................................................. *passim*

*Tony and Susan Alamo Found. v. Sec'y of Labor*,
    471 U.S. 290 (1985) ........................................................................ *passim*

*Walling v. Portland Terminal Co.*,
    330 U.S. 148 (1947) ................................................................................ 8

**Statutes and Rules**

Fed. R. App. P. 35(b)(1)(B) .................................................................... 4-6

**Argument In Reply**

Cenikor's merits briefs already address many of the errors in Plaintiffs' Response to Cenikor's Petition for Rehearing En Banc. Cenikor offers this Reply to address three new errors in Plaintiffs' Response:

- A circuit split is the *paradigm* of a case meriting en banc review, contrary to Plaintiffs' claim that it is an inappropriate use of the procedure;

- Other Circuits recognize that *Alamo*'s "expectation of compensation" test asks a different question than the independent-contractor test answers, whereas Plaintiffs conflate the two; and

- *Swales* and *Hoffman-LaRoche* expressly forbid courts to decide the merits at the certification stage, contrary to Plaintiffs' assertion that the panel properly decided the merits of FLSA "employee" status.

For these reasons and many others, this case merits attention from the en banc Court.

**I.   Rule 35 Says The Circuit Split In This Case Merits En Banc Review.**

First, this case presents a "question of exceptional importance" that cries out for en banc review, contrary to Plaintiffs' misstatement of the legal standard. *Cf.* Response at 4-5. When Rule 35 declares that a "question of

4

exceptional importance" compels en banc review, it specifies that such questions include those "involv[ing] an issue on which the panel decision conflicts with the authoritative decisions of other United States Courts of Appeals that have addressed the issue." FED. R. APP. P. 35(b)(1)(B).

Plaintiffs do not seriously deny the existence of a circuit split. Response at 8. Instead, they disregard Rule 35's plain text and assert that "it is not the purpose of an *en banc* call to bring this Court's precedent in line with the Second or Ninth Circuits." *Id*. To the contrary, Rule 35 explains that "a core function of en banc review is to address such circuit splits." *Oliver v. Arnold*, 19 F.4th 843, 860 (5th Cir. 2021) (Duncan, J., dissenting from the denial of en banc rehearing).

Why would Plaintiffs disregard the plain text of Rule 35? Because that error is Plaintiffs' *only* justification for refusing to discuss the opinions from the Second, Fourth, Sixth, Eighth, and Ninth Circuits that conflict with the panel opinion. Response at 8; Petition at 16-17; Merits Brief at 39-53; *see also* Cenikor's Rule 28j letter (a recent California decision reviewed these circuit cases and rejected the panel's opinion as an unpersuasive outlier). Plaintiffs never discussed these cases in their merits brief, either. *See* Response Brief. The panel virtually ignored these cases as well. Petition at 17; Slip op. at 9.

This Court should not turn a blind eye to the new circuit split the panel created; instead, Rule 35 urges this Court to grant en banc review to heal it. FED. R. CIV. P. 35(b)(1)(B).

Moreover, the Circuit cases that Plaintiffs ignore demonstrate the error in their contention that this opinion will have no "widely applicable precedential value." Response at 4. The panel's opinion became a matter of nationwide concern when the panel created a circuit split. *See, e.g.*, Cenikor Rule 28j Letter.

The panel's decision will not affect only drug-rehabilitation disputes, as Plaintiffs suggest. *Cf.* Response at 4. Plaintiffs in this Circuit can now cite the panel opinion to insist upon the use of the inapposite independent-contractor test in *every* FLSA "employee" dispute, even if they involve interns, trainees, and volunteers. No other Circuit faces this problem, because every other Circuit read *Alamo* and *Walling* differently than did the panel in this case. Indeed, *this* Circuit read *Alamo* and *Walling* differently when it applied the primary-beneficiary test to trainees in *Donovan*, instead of applying the test for independent contractors. *Donovan v. Am. Airlines, Inc.*, 686 F.2d 267, 283 (5th Cir. 1982). But the panel's opinion gives no more

consideration to *Donovan* than it did to the Second, Fourth, Sixth, Eighth, and Ninth Circuits.

Finally, this case presents several other questions of "exceptional importance." Plaintiffs urge this Court to depart from *Swales* and violate the Supreme Court's commands in *Hoffman-LaRoche*. *See infra*. And they also urge this Court to disregard a mandatory federal privacy statute in favor of sending optional FLSA notice. Response at 14-16. Plaintiffs mischaracterize the district court's order to conceal its errors,[1] and refuse to confront the fact that plaintiffs *themselves* testified they would not want unsolicited contact from Cenikor. ROA.1778; ROA.1826; ROA.1904; ROA.1972-73. En banc review should correct this violation of Congressional mandates.

II. **The *Alamo* Test Is Different Than This Court's Five-Factor Test For Independent Contractors.**

Plaintiffs next mischaracterize *Alamo* and the tests implementing *Alamo*. Response at 5-8. If Plaintiffs had discussed the other Circuits' opinions in their Response or merits brief, their errors would be laid bare.

---

[1] The district court did not make the necessary findings of "good cause" (*cf.* Response at 16)—it identifies the four elements but discusses *only* the third and fourth, and erroneously at that. ROA.1470; *see* Merits Brief at 73.

Plaintiffs argue Cenikor's analysis is wrong because Cenikor advocates two tests instead of applying the independent-contractor test to every FLSA "employee" dispute. *See id*. In reality, courts have *always* asked two separate questions when deciding FLSA "employee" status.

The Supreme Court described the first question in *Alamo*—"[a]n individual who, '*without promise or expectation of compensation*, but solely for his *personal purpose or pleasure*, worked in activities carried on by other persons either for their pleasure or profit,' is outside the sweep of the [FLSA]." *Tony and Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985) (quoting *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947)) (emphasis added). What interns, trainees, volunteers, and drug-rehabilitation patients all have in common is that they perform labor "solely for [their] personal purpose or pleasure," not in "expectation of compensation." *Id*. They labor to gain job skills, experience, work ethic, sobriety, or to benefit a favorite cause. In all such cases, *Alamo* requires the factfinder to determine whether the plaintiffs performed their labor in exchange for compensation. In this case, that question cannot be answered collectively because each plaintiff's expectations could not be more individualized. Merits Brief at 25-26, 56-58.

8

But in most FLSA "employee" cases, the parties do not dispute that the plaintiffs labored in exchange for compensation. Instead, the factfinder must answer a different question—whether the plaintiffs labored for the defendant (as an "employee") or their own business (as an "independent contractor").[2] This Court's five-factor independent-contractor test usefully resolves the fact question of *which entity employed the plaintiffs*, but it does not even purport to examine the threshold question posed by *Alamo*. The other Circuits explain this distinction, no matter how strenuously Plaintiffs deny it. *See, e.g.*, *Armento v. Asheville Buncombe Cmty. Christian Ministry, Inc.*, 856 F. App'x 445, 453 (4th Cir. 2021) ("we have repeatedly explained that when, as here, '[t]he plaintiff is [i]ndisputably not an independent contractor,' this six-factor test has 'little relevance'"[3]). To recognize that these legal tests answer different questions is not "results-based reasoning," it is common sense.[4] *Cf.*

---

[2] A similar conflict arises when the parties dispute which of multiple entities "employed" the plaintiff.

[3] Quoting *Steelman v. Hirsch*, 473 F.3d 124, 129 n.1 (4th Cir. 2007). Some circuits use a six-factor test for independent contractors; this Court uses five.

[4] Notably, Plaintiffs assure this Court that volunteers and interns face no difficulties under the independent-contractor test, Response at 7, but never try to apply that test, *id.*, because to apply the test is to demonstrate its inapplicability.

9

Response at 7. It is the opposite of "circular" reasoning, because it keeps separate concepts separate. *Cf.* Response at 8.

Because the independent-contractor test answers a different question, what test should courts use to answer *Alamo*'s expectation-of-compensation question? Every other Circuit adopted a test that applies *Alamo* to the economic reality of interns, volunteers, trainees, and drug-rehabiliation patients—usually by asking who was the "primary beneficiary" of the labor. Petition at 16-17; Merits Brief at 36-54 (describing the different variations on a similar theme); *Donovan*, 686 F.2d at 283 (applying a version of the "primary beneficiary" test to trainees). The panel stands alone in affirming the wrong tool for the job.

Cenikor urges this Court to join the other Circuits in using different tests to answer different questions.

### III. Plaintiffs Misread *Swales*.

Finally, Plaintiffs egregiously misread *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021). Response at 9-11. The Plaintiffs' error will be obvious to anyone who reads *Swales*, but Cenikor will briefly address this error because the stakes are so high—Plaintiffs boldly invite this Court to violate Supreme Court authority.

*Hoffman-LaRoche* "strictly forbids district courts from appearing to endorse the merits of the litigation by means of facilitating notice" at the FLSA certification stage. *Swales*, 985 F.3d at 440. *Swales* quotes *Hoffman-LaRoche* and humorously summarizes its refusal to allow courts to decide the merits prematurely:

> In overseeing the process, the district court "must be scrupulous to respect judicial neutrality. To that end, district courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." No judicial thumbs (or anvils) on the scale.

*Id*. at 436 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989)).

Plaintiffs confuse a different point that *Swales* explains. *Cf.* Response at 9-11. *Swales* holds that a trial court must consider the merits of the case—but *solely for the purpose of determining whether the plaintiffs are "similarly situated"* on all legal issues, so the court can make a fully informed decision whether to give notice of an FLSA collective action. *Id*. at 441-43. *Swales* rejected *Lusardi* because *Lusardi* held that courts must disregard the merits for *all* purposes at the certification stage. *Id*. at 440-41. That took *Hoffman-LaRoche* too far. *Id*. at 442. "Considering, early in the case, whether merits questions can be answered collectively has nothing to do with endorsing the merits." *Id*. Nevertheless, in making the "similarly situated" determination to

11

determine the proper scope of notice, courts must *never* decide or endorse the merits of the dispute. *Id*. at 436, 443. "No judicial thumbs (or anvils) on the scale." *Id*. at 436.

Though *Swales* carefully explained the distinction, the panel rode roughshod over it. It held "the dispositive threshold issue must be resolved" at the certification stage, and affirms a purported[5] district court holding that the members of the collective "constitute 'employees' under the Act…." Slip op. at 6, 9-10. This violates *Swales* and *Hoffman-LaRoche*.

Plaintiffs first ignore these quotes and instead defend an opinion the panel did not write. Response at 9-10. The panel's opinion speaks for itself; it instructs district courts to actually decide the merits of a "dispositive threshold issue" such as whether the collective members are FLSA "employees." Slip op. at 6, 9-10.

Plaintiffs then drop the pretense and urge this Court to flagrantly violate *Hoffman-LaRoche*, asserting that the panel was entitled to decide FLSA "employee" status on the merits because "*Swales* says district courts 'can

---

[5] The district court held it would apply the independent-contractor test *in the future* to decide FLSA "employee" status. ROA.1464; ROA.1468; *see* Petition at 20-21. The district court also made findings about expectation of compensation, but misapplied *Alamo* in doing so. ROA.1462-64.

decide merits issues when considering the scope of a collective.'" Response at 10. *Swales* actually holds that courts may not disregard merits issues when deciding whether the collective is "similarly situated" for purposes of notice, but does *not* hold that courts may decide the merits at the collective-certification stage. That would violate *Hoffman-LaRoche. See* 493 U.S. at 174.

This Court must grant en banc review to prevent the panel's decision from distorting *Swales* and violating Supreme Court authority.

## Conclusion

This Court should grant en banc review and reverse.

Respectfully submitted,

By: */s/ Chris Dove*
David M. Gregory
Chris Dove
Andrew W. Reed
Kathleen Grossman
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002
dgregory@lockelord.com
cdove@lockelord.com
andrew.reed@lockelord.com
kathleen.grossman@lockelord.com
Tel: (713) 226-1344
Fax: (713) 223-3717
**COUNSEL FOR APPELLANT**

Frank Sommerville
Texas State Bar No. 18842700
Weycer, Kaplan, Pulaski & Zuber, P.C.
3030 Matlock Rd., Suite 201
Arlington, Texas 76015
Telephone (817) 795-5046
Facsimile (800) 556-1869
fsommerville@wkpz.com
**OF COUNSEL FOR APPELLANT**

## Certificate Of Service

The undersigned hereby certifies that a true and correct copy of the foregoing Reply In Support Of Petition for Rehearing En Banc was served on all counsel of record on October 19, 2023 via CM/ECF filing:

**Representing All Plaintiffs/Appellees:**
**Josh Borsellino**
Borsellino, P.C.
3267 Bee Cave Rd., Ste. 107, PMB # 201
Austin, TX 78746
Email: josh@dfwcounsel.com

**Representing Malik Aleem, John Potter, and Anthony Woods:**
**Charles Stiegler**
Stiegler Law Firm
318 Harrison Ave., Suite 104
New Orleans, LA 70124
Email: charles@stieglerlawfirm.com

**Representing John Potter and Anthony Woods:**
**James R Bullman**
Blackwell & Bullman, LLC
8322 One Calais Ave
Baton Rouge, LA 70809
Email: james@estesdavislaw.com

**Representing Anthony Woods:**
**Josh Sanford**
Sanford Law Firm, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, AR 72211
Email: josh@sanfordlawfirm.com

/s/ Chris Dove
Chris Dove

# Certificate Of Compliance With Type-Volume Limitation, Typeface Requirements, And Type-Style Requirements

1. This Reply contains **1,932** words, excluding the parts exempted by Fed. R. App. P. 32(f), which is fewer than half of the 3,900 words permitted for a Petition for Rehearing En Banc. *See* Fed. R. App. P. 35(b)(2)(A); *compare* Fed. R. App. P. 27(d)(2) (reply in support of motion must be no more than half the length of a motion); Fed. R. App. P. 32(a)(7)(B)(ii) (same for a reply brief).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14 pt. Book Antiqua.

/s/ Chris Dove
Chris Dove
*Attorney for Appellant*